IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 13 2007
J. T. NOBLIN, CLERK
BY_____ DEPUTY

STATE FARM FIRE AND CASUALTY            PLAINTIFFS
COMPANY and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

v.                                                CIVIL ACTION NO. 2:07CV188 KS-MTP

JIM HOOD, IN HIS OFFICIAL CAPACITY           DEFENDANT
AS ATTORNEY GENERAL OF THE
STATE OF MISSISSIPPI

**EX PARTE MOTION FOR LEAVE TO FILE UNDER SEAL AND TO
DIRECT CLERK TO MAINTAIN ENTIRE COURT FILE UNDER SEAL
UNTIL SUCH TIME AS DEFENDANT CAN BE HEARD ON HIS POSITION
AS TO THE APPROPRIATENESS OF THIS ACTION PROCEEDING UNDER SEAL**

State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company ("State Farm") submit this Ex Parte Motion For Leave to File Under Seal and to Direct Clerk to Maintain Entire Court File Under Seal Until Such Time as Defendant Can Be Heard on His Position as to the Appropriateness of this Action Proceeding Under Seal ("Motion to Seal"). State Farm would show as follows:

1. This is an Action against Jim Hood, in his official capacity as Attorney General of the State of Mississippi, to enjoin his unconstitutional and unlawful acts, which have deprived State Farm and its employees of their rights secured by the Fourteenth Amendment to the United States Constitution.

2. The specific facts and claims at issue are more fully set forth in State Farm's Complaint, a copy of which is attached as Exhibit A.

3. As explained in State Farm's Complaint, part of the subject matter of this Action concerns an August 23, 2007, state grand jury subpoena directed to State Farm and returnable to

the Jackson County, Mississippi Circuit Court on September 17, 2007 ("the Fourth Grand Jury Subpoena").

4. The Fourth Grand Jury Subpoena is referenced repeatedly in State Farm's Complaint. Further, the Fourth Grand Jury Subpoena will be referenced repeatedly in certain motion filings State Farm intends to make.

5. That Subpoena states in relevant part that "[y]ou are not to disclose the existence of this subpoena. Any such disclosure could impede the investigation being conducted [and] thereby interfere with the enforcement of the law."

6. In addition to this language in the Fourth Grand Jury Subpoena itself, in past communications with State Farm's counsel, Attorney General Hood has taken the position that the mere existence of any state Grand Jury Subpoena cannot lawfully be disclosed. See Miss. Code Ann. § 97-9-53 (1972)("If a grand juror, witness, district attorney, clerk, sheriff, or any other officer of the court, disclose the fact of an indictment being found or returned into court against a defendant, or disclose any action or proceeding had in relation thereto, before the finding of the indictment, or in six months thereafter, or until after the defendant shall have been arrested or given bail or recognizance to answer thereto, he shall be fined not more than two hundred dollars").

7. Given Attorney General Hood's position on the matter, State Farm does not wish to place itself in any potential legal jeopardy through the filing of public papers in this Action which reference or attach the Fourth Grand Jury Subpoena and/or the proceeding from which it emanated.

8.      Accordingly, State Farm moves this Court to order the Clerk to place the entirety of the record in this Action under seal, without prejudice to any Party's right to request vacatur of that Order, after Attorney General Hood has been served with process, has appeared in this Action and has been provided an opportunity to be heard on the issue of sealing the record.

WHEREFORE, PREMISES CONSIDERED, State Farm moves this Court to:

(1) Order the Clerk to place the entirety of the record in this Action under seal, without prejudice to any Party's right to request vacatur of that Order, after Attorney General Hood has been served with process, has appeared in this Action and has been provided an opportunity to be heard on the issue of sealing the record; and

(2) Grant State Farm such further, alternative and/or supplemental relief as may be appropriate in the premises.

Respectfully submitted, this the 13 day of September, 2007.

STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiffs

BY: _____
Robert C. Galloway, MB No. 4388
Jeffrey A. Walker, MB No. 6879

ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

OF COUNSEL:

ROBERT C. GALLOWAY, MB No. 4388
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
P. O. DRAWER 4248
GULFPORT, MS 39502
T:     (228) 575-3019
F:     (228) 868-1531
E-MAIL: bob.galloway@butlersnow.com

JEFFREY A. WALKER, MB No. 6879
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
210 E. Capitol Street, Suite 1700 (39201)
P.O. Box 22567
JACKSON, MS 39225-2567
T:     (601) 985-4558
F:     (601) 985-4500
E-MAIL: jeff.walker@butlersnow.com

## CERTIFICATE OF SERVICE

I, Robert C. Galloway, one of the attorneys for Plaintiffs, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be delivered to the following, via the means indicated below:

**Via Hand Delivery and E-mail**
Attorney General Jim Hood
Office of the Attorney General
Walter Sillers Building
550 High Street, Suite 1200
Jackson, Mississippi 39201

DEFENDANT

THIS the 13 day of September, 2007.

Robert C. Galloway, MB No. 4388

Gulfport 210031v.2

4