```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   HATTIESBURG DIVISION


STATE FARM FIRE AND CASUALTY
COMPANY and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                       PLAINTIFFS

VS.                         CIVIL ACTION NO. 2:07-cv-188(DCB)(MTP)

JIM HOOD, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL
OF THE STATE OF MISSISSIPPI                         DEFENDANT
```

ORDER

This cause is before the Court sua sponte to address the subject of venue. The plaintiffs allege federal subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a) (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction). First Amended Complaint, ¶¶ 9-10. Title 28 U.S.C. § 1391(b) provides that if federal subject matter jurisdiction is not based solely on diversity, venue is proper only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Thus, venue is proper in the Southern District of Mississippi. See First Amended Complaint, ¶ 12. The complaint is silent, however, as to why the plaintiffs chose to file this action in the Hattiesburg Division of the Southern District. As Judge Starrett stated in his Order of Recusal:

> While venue is proper in any division of the Southern District, the Defendant General Hood resides in and maintains his office in Jackson. The case has no known factual relationship to Hattiesburg. Although venue is still procedurally permissible in the Hattiesburg Division, the case is a better fit in the Southern Division or the Jackson Division of the Southern District.

Order of Recusal, p. 8.

Even if venue is proper, the district court may still transfer the case to a more convenient forum pursuant to the provisions of 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if the case is transferred; the convenience of counsel; and the plaintiff's choice of forum. The convenience of witnesses, particularly key witnesses, is arguably the most important factor. Continental Airlines, Inc. v. American Airlines, Inc., 805 F.Supp. 1392, 1396 (S.D. Tex. 1992). The plaintiff's choice of forum is generally entitled to great deference; however, that deference is diminished when the forum is not the plaintiff's home state or, in the case of a corporation, not its principal place of business. Id.

This case appears to have no factual connection to the Hattiesburg Division of the Southern District of Mississippi. The Court shall therefore order the parties to address the venue issue. Accordingly,

IT IS HEREBY ORDERED that the parties respond within three (3) days of this Order with their respective statements of venue facts, and be prepared to address the venue issue at the hearing set for November 1, 2007.

SO ORDERED, this the  24th  day of October, 2007.

                                                   s/ David Bramlette
                                                UNITED STATES DISTRICT JUDGE