IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION



STATE FARM FIRE AND CASUALTY COMPANY
and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

PLAINTIFFS

vs.                          CIVIL ACTION NO.:   2:07cv188DCB-MTP

JIM HOOD, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF THE STATE
OF MISSISSIPPI                                                  DEFENDANTS

### EMERGENCY MOTION BY NON-PARTY TO QUASH SUBPOENA AND MOTION FOR SANCTIONS

**Expedited Hearing Requested Pursuant to
Local Rule 7.2(H) and Local Rule 37.2**

Comes now, a non-party to this case, the attorney Derek A. Wyatt, by and through undersigned counsel, and would demonstrate to this Court that:

1. A subpoena commanding Mr. Wyatt to testify in the above-captioned case was personally delivered to him on October 29, 2007. See subpoena and mileage check attached as Exhibit A.

2. The subpoena is void on its face for requiring Mr. Wyatt to travel more than 100 miles per F.R.C.P. 45(c)(3)(A)(ii).

3. The subpoena is void on its face as it was issued from a Court with no personal jurisdiction over Mr. Wyatt.

4. The subpoena is void on its face as it "fails to allow reasonable time for compliance" per F.R.C.P. 45(c)(3)(A)(i), as Mr. Wyatt was only afforded 3 days notice.

5. The subpoena is void on its face as it did not tender sufficient witness and mileage fees to Mr. Wyatt.

6. The subpoena is void on its face because it is intended only to harass counsel for the Plaintiffs in a fraud case against State Farm, and requests disclosure of privileged information in contravention to F.R.C.P. 45(c)(3)(A)(iii). The subpoena was calculated to conflict with an important deposition Mr. Wyatt was already scheduled to take on November 1, 2007, in a fraud case against State Farm.

7. The subpoena is void as it constitutes an "undue burden" under F.R.C.P. 45(c)(3)(A)(iv).

8. Further, sanctions are warranted for the Defendant's abuse of the subpoena power and in forcing this non-party to respond to the subpoena.

9. For these reasons, non-party Derek Wyatt requests the Court quash the subpoena.

10. In further support, the Plaintiff has submitted a Memorandum which will provide further factual and legal support of his argument. The Plaintiff requests an expedited consideration of this matter pursuant to Local Rule 7.2(H) and Local Rule 37.2, which makes it incumbent upon a party to seek a Court order regarding a motion to quash.

THEREFORE, premises considered, Movant requests that the Court order the subpoena quashed and impose costs and expenses for abuse and harassment as alleged herein.

By:   s/Mary E. McAlister
      Mary E. McAlister (MSB No. 2170)

**OF COUNSEL:**

Mary E. McAlister (MSB No. 2170)
Nutt & McAlister, P.L.L.C.
605 Crescent Boulevard, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 898-7302
Facsimile: (601) 898-7304

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2007, I served the foregoing, via email, to the following:

The Chambers of the Honorable Michael T. Parker
parker_chambers@mssd.uscourts.gov

Jeffrey A. Walker, Esq.
P.O. Box 22567
Jackson, MS 39225-2567
Jeff.walker@butlersnow.com

Jim Hood, Attorney General
Office of the Attorney General
450 High Street
P.O. Box 220
Jackson, MS 39205-0220
jhood@ago.state.ms.us

Crymes G. Pittman
Pittman, Germany, Roberts & Welsh
410 S. President Street
P.O. Box 22985
Jackson, MS 39225-2985
cgp@pgrwlaw.com

This the 29th day of October, 2007.

　　　　　　　　　　　　　　　　　　　s/Mary E. McAlister
　　　　　　　　　　　　　　　　　　Mary E. McAlister (MSB No. 2170)