IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 30 2007
J.T. NOBLIN, CLERK
BY_____ DEPUTY

STATE FARM FIRE AND CASUALTY COMPANY
and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                    PLAINTIFFS

VS.                       CIVIL ACTION NO.:    2:07cv188DCB-MTP

JIM HOOD, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF THE STATE
OF MISSISSIPPI                                                       DEFENDANTS

### MEMORANDUM IN SUPPORT OF
### EMERGENCY MOTION BY NON-PARTY
### TO QUASH SUBPOENA AND MOTION FOR SANCTIONS

The Plaintiff requests an expedited consideration of this matter pursuant to Local Rule 7.2(H) and Local Rule 37.2, which makes it incumbent upon a party to seek a Court order regarding a motion to quash. The non-party is forced to bring this matter to the Court's attention as he was only provided three (3) days advance notice; the hearing is currently set for November 1, 2007, three (3) days from today's date.

### Background

Attorney Derek A. Wyatt is a non-party to this case; it is not known why State Farm Fire & Casualty Company ("State Farm") seeks his testimony. Mr. Wyatt is an attorney with Nutt & McAlister, a law firm which is part of the Scruggs Katrina Group. Accordingly, he is counsel of record in multiple other cases against State Farm.

Mr. Wyatt was served with a subpoena on October 29, 2007, the day the subpoena was issued by Mr. Jeffrey A. Walker, counsel for State Farm. *See Subpoena Issued to Derek A. Wyatt*, attached as Exhibit "A." The subpoena was delivered with a check for $88.00. It

commands Mr. Wyatt to appear at a hearing in Natchez, Mississippi, on November 1, 2007, only three (3) days after he received the subpoena.

Because State Farm's subpoena to Mr. Wyatt is riddled with procedural and substantive errors, the Federal Rules and ample case law mandate the subpoena be quashed. Further, State Farm's deliberate abuse of the subpoena power and harassment of Mr. Wyatt warrant sanctions.

### Argument

#### I. The Subpoena Is Void for Requiring Travel over 100 Miles.

Rule 45 contains certain triggers that automatically void a subpoena, requiring a court to quash the subpoena in certain circumstances. One of those situations is when the subpoena purports to compel a witness to travel more than 100 miles. In that situation, and "[o]n timely motion, the court by which a subpoena was issued *shall quash* or modify the subpoena if it . . . requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person . . . ." F.R.C.P. 45(c)(3)(A)(ii) (emphasis added).

In *Farmer v. Arabian American Oil Company*, the Supreme Court set out the purpose of the 100 mile rule, noting that it "is designed not only to protect witnesses from the harassment of long, tiresome trips but also, in line with our national policy, to minimize the costs of litigation, which policy is strongly emphasized in the Federal Rules of Civil Procedure." 379 U.S. 227, 234, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964), *rev'd on other grounds*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). A subpoena is void under most circumstances if it purports to require a witness to travel beyond 100 miles and it cannot be enforced by a court. *See Jaynes v. Jaynes*, 496 F.2d 9, 10 (2nd Cir. 1974) ("district court has no power to subpoena" parties over 100 miles away).

Indeed, as Wright & Miller notes, the 100-mile rule is so important that "Rule 45(a)(1)(C) requires that the subpoena itself recite this protection," so that any person receiving a subpoena would know that they will be relieved of burdensome travel. 8A Wright & Miller, *Place of Examination* § 2112 (2007).

Mr. Wyatt was served at his place of business, the Nutt & McAlister law firm, which is located at 605 Crescent Boulevard, off Highland Colony Parkway, in Ridgeland, Mississippi. The distance between his office and the U.S. Courthouse in Natchez, which is at 109 South Pearl Street, 39120, is well over 120 miles. *See Google Map*, attached as Exhibit "B."[1] Nor can State Farm find solace in Mr. Wyatt's home address, which it did not use; he lives in Madison, Mississippi, well over 120 miles from Natchez.

Accordingly, under the unequivocal language of Rule 45(c)(3)(A), which mandates that a subpoena "shall" be quashed for a 100-mile violation, the subpoena should be found void and Mr. Wyatt relieved of compliance.[2]

### II. The Subpoena is Void Because This Court Does Not Have Personal Jurisdiction over the Non-Party.

Similarly, the subpoena must be quashed because this Honorable Court does not have personal jurisdiction over Mr. Wyatt. As noted in Rule 45, and subject to the 100-mile rule discussed above, "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition . . . ." F.R.C.P. 45(b)(2).

---

[1] Crescent Boulevard, Nutt & McAlister's street address, was constructed in the past 4 years on Highland Colony Parkway and is not yet available on Google or Mapquest online maps; it is within 2 miles of the "Steed Road" address used on the attached map.

[2] Nor can State Farm find solace in Mr. Wyatt's home address, which it did not use; he lives in Madison, Mississippi, well over 120 miles from Natchez.

In the case at hand, State Farm has attempted to issue a subpoena from the Hattiesburg division to compel a non-party who lives in the Jackson division to appear at a hearing in the western division. *See generally* 28 U.S.C.A. § 104. This Court simply does not have jurisdiction to issue this subpoena. *See Jaynes v. Jaynes*, 496 F.2d 9, 10 (2nd Cir. 1974) ("district court has no power to subpoena" parties over 100 miles away). Accordingly, it should be quashed.

### III. The Subpoena Is Void For Failing to Allow Reasonable Time for Compliance.

Another procedural safeguard in Rule 45 sets out that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . fails to allow reasonable time for compliance." F.R.C.P. 45(c)(3)(A)(i). In this case, the subpoena was issued and served on Mr. Wyatt on October 29, *only three days* before the purported time of compliance over 120 miles away. *See Subpoena*, attached as Exhibit "A. This lack of time does not reflect the spirit of the rule or applicable case law; on its face, the subpoena is *per se* unreasonable.

Time to comply is tied intimately with the time *to object* to a subpoena. Generally speaking, parties provide 14 days in which to comply with a subpoena in order to allow other parties a proper amount of time to object. *See generally Mann v. Univ. of Cincinnati*, 824 F.Supp. 1190, 1201 (S.D.Ohio 1993) (after the 1991 amendments to Rule 45, "an attorney seeking document discovery was now under a heightened duty to properly notify other parties and to provide a reasonable time period for the subpoena recipient and other parties to object").

In the *Mann* case, the district court held that the "issuance of the subpoena on one week's notice was unreasonable and violated Rule 45(c)(2)(B)." *Id.* at 1201. When such a finding is made, "the court by which a subpoena was issued *shall quash* or modify the subpoena."

4

F.R.C.P. 45(c)(3)(A); *see also Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 34 F.Supp.2d 47, 49 (D.D.C. 1998) (a non-party deponent was "entitled to object to a subpoena served only one or two days before her scheduled deposition").

Here, reasonable time to comply was not provided to Mr. Wyatt, and accordingly, both the subpoenas is void. Rule 45 provides no "escape clause": failures under subsection (c)(3)(A) "shall" be quashed.

### IV. The Subpoena Is Void As It Fails To Tender Witness and Mileage Fees Per Rule 45.

Rule 45 requires that a witness is "tender[ed] . . . the fees for one day's attendance and the mileage allowed by law." F.R.C.P. 45(b)(1). The current mileage rate set by the U.S. Government is $.0485. The witness fee is $40.00. A round-trip from Mr. Wyatt's office to the Courthouse in Natchez is well over 240 miles, which would mandate mileage of over $116.00. With the witness fee, the check should total over $156.00.

Yet Mr. Wyatt only received a check in the amount of $88.00, which does not account for the mileage State Farm commanded him to travel. The language in the Rule commanding is "clear" and "plain," and "requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983); see also Estep v. U.S., 251 F.2d 579, 582 (5th Cir. 1958) ("district court had either implied or inherent power and discretion to prevent abuse of its process" by refusing to issue subpoenas without per diem and mileage fees).

Accordingly, the subpoenas should be quashed for failure to adequately compensate the non-party witness.

### V. The Subpoena Was Only Issued to Harass Counsel for the Plaintiffs in Fraud Cases against State Farm.

Sections I-IV above recite the many reasons why the subpoena is void according to Rule 45 and applicable case law. Yet there are other reasons why Mr. Wyatt should be relieved from compliance with State Farm's subpoena.

As recounted above, Mr. Wyatt is an attorney within the venture Scruggs Katrina Group, representing hundreds of plaintiffs against State Farm. It is unknown what information State Farm seeks from Mr. Wyatt, but there is *nothing* it could seek which would not be protected under multiple privileges, including the attorney-client privilege, the work-product privilege, and possibly others. State Farm *knows* this; yet it has resorted to abusing the subpoena process in order to derail the efforts of Plaintiffs' counsel in fraud actions against State Farm.

Furthermore, Rule 45 mandates that a court quash a subpoena if it "requires disclosure of privileged or other protected matter and no exception of waiver applies." F.R.C.P. 45(c)(3)(A)(iii). It is clear in this case that one of counsel for the Plaintiffs would only be in possession of such privileged information.

Further, State Farm *knew* or had reason to know that Mr. Wyatt would not be available on November 1. Recently, counsel for State Farm in the *McIntosh v. State Farm* case, Civ. Action No. 1:06-cv-1080-LTS-RHW (S.D. Miss.) unilaterally established a key deposition date for a former engineer for an adjusting company hired by State Farm. In a letter dated October 22, Dan W. Webb of Webb, Sanders, & Williams, counsel for State Farm, unilaterally sets the deposition of the engineer and his wife, copying Mr. Wyatt and all other counsel. *See Letter from State Farm Counsel,* attached as Exhibit "E." Mr. Wyatt previously deposed the engineer, and State Farm knew or had reason to know he would be the attorney to attend his deposition, which is set in Athens, Georgia.

On the very next day, counsel for Forensic Analysis and Engineering Corporation ("Forensic") offered for deposition another former employee critical to the *McIntosh* Plaintiffs' case, on the same November 1 date. The former employee, one Petranella Krynen Williams, was twice previously deposed by Mr. Wyatt, and was set to be deposed in New Orleans. *See E-mail exchange between counsel*, attached as Exhibit "F." Counsel for the Plaintiffs agreed to the date after expressing their reluctance; counsel for State Farm, including Mr. Webb and two other attorneys at his firm, were carbon copied.

At this point counsel for the Plaintiffs were already aware that the Defendants in the McIntosh case were acting in collusion to damage the efforts of the Plaintiffs in obtaining information from key witnesses. On the heels of that realization comes the subpoena at hand, which purports to command Mr. Wyatt to be as far away from Athens and New Orleans as possible, in a deposition in which he could in no way testify due to multiple privileges. State Farm *knew* that Mr. Wyatt was already committed to handling deposition duties in either Athens or New Orleans, and have attempted to impede his efforts to do his job.

Quite simply, State Farm is attempting to use this civil case to fraudulently derail the efforts of counsel for the Plaintiffs to recover for Mississippi residents defrauded by State Farm in the wake of Hurricane Katrina. State Farm knowingly and consciously abused the subpoena power of Rule 45 in order to attempt to block the attendance of one of Plaintiffs' counsel in a case involving massive fraud by State Farm. For that reason, the subpoena should be quashed.

### VI. The Subpoena Is Void As Unduly Burdensome.

Rule 45 mandates that a court quash a subpoena if it "subjects a person to undue burden." F.R.C.P. 45(c)(3)(A)(iv). In light of the five above violations of Rule 45, the subpoena is *per se* burdensome and should be quashed.

7

### VII. Request for Sanctions.

In this case, State Farm has caused to be issued a subpoena—a lawful court order—which is invalid on its face, as it requires a non-party witness to travel well over 100 miles. Further, State Farm caused the subpoena to be issued from a Court with no jurisdiction over the non-party, without an adequate witness or mileage check, and without reasonable time for compliance. All of these issues, coupled with State Farm's knowledge of the professional capacity of Mr. Wyatt as counsel for hundreds of plaintiffs in fraud and bad faith cases against State Farm, give rise to an inference of abuse. For this behavior, and because the non-party witness has been forced to fight the subpoena of State Farm, the Defendant should be sanctioned.

It is well-settled that "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991) (internal quotations and citations omitted). In *Chambers*, which arose from a Louisiana case, the Supreme Court further noted that a court may "assess attorney's fees against the responsible party . . . when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Id.* at 46, 2133 (internal quotations and citations omitted).

There is an extremely important reason why courts wield the sanctioning power. "The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.* (internal quotations, citations, and alterations omitted).

More simply put: this Court has the inherent power to repair this situation by shifting costs and quashing State Farm's subpoena. As set out fully above, this subpoena is riddled with procedural and substantive errors, and constitutes an abuse of the court system.

## Conclusion

For the reasons noted in detail above, the non-party witness Derek A. Wyatt respectfully request the Court quash State Farm's subpoena commanding him to testify in a hearing, and grant sanctions for being forced to combat the harassing and wholly invalid subpoenas by resorting to the resources of the Court. Further, State Farm should be sanctioned for attempting to utilize the resources of the Court to attempt to enforce a subpoena which is void on its face.

By: _____s/Mary E. McAlister_____
Mary E. McAlister (MSB No. 2170)

**OF COUNSEL:**

Mary E. McAlister (MSB No. 2170)
Nutt & McAlister, P.L.L.C.
605 Crescent Boulevard, Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 898-7302
Facsimile: (601) 898-7304

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2007, I served the foregoing, via email, to the following:

The Chambers of the Honorable Michael T. Parker
parker_chambers@mssd.uscourts.gov

Jeffrey A. Walker, Esq.
P.O. Box 22567
Jackson, MS 39225-2567
Jeff.walker@butlersnow.com

Jim Hood, Attorney General
Office of the Attorney General
450 High Street
P.O. Box 220
Jackson, MS 39205-0220
jhood@ago.state.ms.us

Crymes G. Pittman
Pittman, Germany, Roberts & Welsh
410 S. President Street
P.O. Box 22985
Jackson, MS 39225-2985
cgp@pgrwlaw.com

This the 29th day of October, 2007.

                                              s/Mary E. McAlister
                                    Mary E. McAlister (MSB No. 2170)