IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                                           PLAINTIFFS

VERSUS                                    CIVIL ACTION NO.  2:07cv188 KS-MTP

JIM HOOD, IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF THE STATE
OF MISSISSIPPI                                                                DEFENDANT

ORDER DENYING EMERGENCY MOTION TO QUASH AND FOR SANCTIONS

THIS MATTER is before the court on an Emergency Motion to Quash and for Sanctions [48], filed by non-party Derek A. Wyatt.  Having considered the motion, the response, the reply, and applicable law, for the reasons set forth below, the court finds that the motion is not well-taken and should be DENIED.

Mr. Wyatt filed this motion in response to a subpoena served on him on October 29, 2007 by plaintiff State Farm (the "Subpoena).  The Subpoena requires Mr. Wyatt's attendance tomorrow, November 1, 2007, at a preliminary injunction hearing in Natchez, Mississippi.  Mr. Wyatt raises a number of arguments in support of his motion, which will be addressed below.

First, Mr. Wyatt argues that the Subpoena is void because this court does not have personal jurisdiction over him, in that "State Farm has attempted to issue a subpoena from the Hattiesburg division to compel a non-party who lives in the Jackson division to appear at a hearing in the western division."  However, Fed. R. Civ. P. 45(a)(2)(A) clearly provides that a subpoena for attendance at a trial or hearing must issue "from the court for the *district* where the trial or hearing is to be held," and Fed. R. Civ. P. 45(b)(2) clearly provides that "a subpoena may

be served at any place within the *district* of the court by which it is issued..." (emphases added). These rules clearly speak to judicial districts, not to divisions within districts, as Mr. Wyatt appears to be arguing. The Subpoena was issued by the United States District Court for the Southern District of Mississippi (Hattiesburg Division), for a hearing to take place within the Southern District of Mississippi, in the Natchez Division. The subpoena was served on Mr. Wyatt in Ridgeland, Mississippi, which is also within the Southern District of Mississippi. Accordingly, this argument is without merit.

Next, Mr. Wyatt argues that the Subpoena is void because it requires him to travel more than 100 miles, citing to Fed. R. Civ. P. 45(c)(3)(A)(ii) (stating that the court shall quash a subpoena where it "requires a person who is not a party...to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person..."). Mr. Wyatt refers to a Google Map purportedly showing that the distance between his office in Ridgeland, Mississippi and the federal courthouse in Natchez, Mississippi, is well over 120 miles. However, this map was not attached to Mr. Wyatt's motion.

At any rate, although it is true, as Mr. Wyatt argues, that "[t]here is some case authority that the 100 mile distance is to be measured by the ordinary, usual, and shortest route of public travel," (*citing* 9A Wright & Miller, *Federal Practice & Procedure*: *Civil 2d* § 2461 (1995)), there is also much authority to the contrary - *i.e.*, that the appropriate method of calculation is the "straight line" or "as the crow flies" method. *See*, *e.g.*, *Schwartz v. Marriott Hotel Servs., Inc.*, 186 F.Supp. 2d 245, 251 (E.D.N.Y. 2002); *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D.Kan. 1993); *Langsam-Borenstein Partnership v. NOC Enters., Inc.*, 137 F.R.D. 217, 218 n.3 (Dec. 5, 1990); *SCM Corp., v. Xerox Corp.*, 76 F.R.D. 214, 215-16 (D.Conn.

Sept. 21, 1977); *Cf. Hill v. Equitable Bank*, 115 F.R.D. 184, 186 (D.Del. Mar. 4, 1987) (holding that straight-line measurement was appropriate procedure for determining availability of witness to testify, for purposes of determining admissibility of witness' deposition).  Indeed, in an analogous situation involving the "bulge" rule of Fed. R. Civ. P. 4 (f) (allowing out-of-state service of process to places not more than 100 miles from the federal courthouse), the Fifth Circuit held that the "straight line" or "as the crow flies" method is "the simplest and most proper method" of calculation, as it is a "uniform standard, offering more certainty than a measure based on road miles," and therefore the court "embrace[d] it as the standard for this circuit."  *Sprow v. Hartford Ins. Co.*, 594 F.2d 412, 417-18 (5th Cir. 1979).  Thus, this court finds that the "straight line" or "as the crow flies" method is the appropriate method to use.   Under this method, the distance to be traveled by Mr. Wyatt is less than 100 miles, as shown by the calculation attached as Exhibit B to State Farm's response, available at  www.gpsvisualizer.com/calculators.

    Mr. Wyatt also argues that because the Subpoena was served only three days before the scheduled hearing, it fails to allow a reasonable time for compliance, citing Fed. R. Civ. P. 45(c)(3)(A)(I).  However, the court finds that because of the expedited nature of this case, the fact that the preliminary injunction hearing was scheduled on October 23, 2007, the fact that this court only recently (on October 25, 2007) clarified its order sealing the case to allow the parties to contact and subpoena witnesses for the hearing, and the fact that the Subpoena does not require the production of documents, the short notice given to Mr. Wyatt is not unreasonable.

    Another argument advanced by Mr. Wyatt is that the Subpoena is void because it fails to tender the appropriate witness fees and mileage costs, as required by Fed. R. Civ. P. 45(b)(1).  Mr. Wyatt contends that he should have received a check for over $156 (witness fee of $40, plus

round-trip mileage of 240 miles at the U.S. Government mileage rate of $.0485 per mile), while he only received a check for $88.00.  In its response to the motion, State Farm concedes that it miscalculated the mileage reimbursement, and indicates that it has tendered an additional check to Mr. Wyatt, in the amount of $76.10, for a total of $164.10.  In his reply brief, Mr. Wyatt does not dispute this.  Thus, it appears that this objection is now moot.

Next, Mr. Wyatt argues that the Subpoena was only issued to harass counsel for the plaintiffs in fraud cases against State Farm.  However, the court is unconvinced by this argument.  Moreover, State Farm has made it clear that Mr. Wyatt's testimony is necessary to authenticate email correspondence that supports State Farm claims (and, indeed, State Farm has even attempted to reach an agreement with defendant regarding the emails' authenticity that would obviate the need for Mr. Wyatt's testimony, to no avail).  This argument is without merit.

Finally, Mr. Wyatt argues that the Subpoena is void as unduly burdensome.  *See* Fed. R. Civ. P. 45(c)(3)(A)(iv).  In support of that argument, Mr. Wyatt merely refers back to his allegations that State Farm has violated Rule 45.  However, as discussed above, the court finds those allegations to be without merit.  Therefore, this is not a basis for quashing the Subpoena.

As for Mr. Wyatt's request for sanctions, because the court finds that the Subpoena was properly issued and should not be quashed, this request should be denied.

IT IS, THEREFORE, ORDERED and ADJUDGED that the Emergency Motion to Quash and for Sanctions [48]  is Denied.

SO ORDERED on this the 31st  day of October, 2007.

s/ Michael T. Parker
United States Magistrate Judge