IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY AND STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                        PLAINTIFFS

VS.                                      CIVIL ACTION NO. 2:07CV188BP

JIM HOOD, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL
OF THE STATE OF MISSISSIPPI                            DEFENDANT

**MOTION OF JACKSON NEW MEDIA, INC. TO INTERVENE**

  Pursuant to Rule 24(a)(2), Fed.R.Civ.P., Jackson New Media, Inc. ("New Media") moves this Court for leave to intervene in this action for purposes of seeking an order allowing the unsealing of certain court documents, or alternatively, for an order requiring the original parties to appear and show cause why the settlement agreement should not be unsealed. In support of its motion, New Media shows to the Court the following facts and arguments:

1.

  New Media is a Mississippi corporation in good standing, with its principal place of business in the Southern District of Mississippi. New Media is in the business of gathering, reporting, analyzing and commenting upon legal and political news generated in and about the state of Mississippi, all as protected by the First Amendment to the United States Constitution and §13 of the Mississippi Constitution of 1890. See Affidavit of Alan Lange, attached as Exhibit "A", and incorporated by reference.

2.

  This motion is timely under all the circumstances of this action, and New Media has an interest in the transaction that is the subject of this action. New Media is so situated that final disposition of this matter without the granting of the relief sought by New Media would adversely affect its practical ability to protect its First Amendment and §13 rights of news

gathering and reporting, as well as the corollary right of New Media's readership to be informed of matters of significant public concern.

3.

Moreover, New Media has an additional interest in the transaction that is the subject of this action, and is so situated that final disposition of this matter without the granting of the relief sought by New Media would adversely affect New Media's practical ability to vindicate the Mississippi Public Records Act of 1983, Miss. Code Ann. §§ 25-61-1, *et seq.*(1972), inasmuch as the settlement agreement that is the subject of New Media's attached Motion for Relief from Judgment should be deemed a "public record" under the public policy of the State of Mississippi, and thus should not remain under seal.  Miss. Code Ann. §§ 25-61-2 & 25-61-3 (1972).

4.

New Media's rights of free and unfettered press and free access to public records are threatened by the current state of this action, inasmuch as the parties to the action successfully prevailed upon the Court to maintain under seal their settlement agreement and its terms. Defendant Jim Hood, as Attorney General of the State of Mississippi, purportedly represented the State's citizens in this action, and New Media has a clear right under both federal and state law to know the facts and details of the circumstances under which Mr. Hood and the State Farm plaintiffs settled this matter.

5.

Unless New Media is granted leave to intervene, it has no forum within which it may seek to protect its free press and free access rights or to assert the motion for substantive relief required in this action.  The substantive relief needed, that being partial relief from the judgment in this action under Rule 60 to the extent of the lifting of the seal from the parties' settlement agreement and related documents, is available only to parties.  New Media's ability even to raise a Rule 60 motion and to seek vindication of its rights is cut off at the threshold unless intervention is allowed at this time.

6.

Alternatively, New Media seeks leave to intervene by permission under Rule 24(b)(1)(B), Fed.R.Civ.P., because this motion is timely under all the circumstances of this action, and New Media has a claim that shares with this action a common question of law or fact. New Media seeks adjudication of the question of whether this Court's Judgment of Dismissal may be partially amended, in order to allow the lifting of the stay currently barring free press and free access to the settlement agreement between the parties to this action.  The adjudication of neither of the original party's rights would be delayed or prejudiced by the intervention of New Media in this matter.

THEREFORE, Jackson New Media, Inc. moves this Court for an order granting it leave to intervene of right in this action, for purposes of filing the Motion for Partial Relief of Judgment, or for alternative relief, attached hereto as Exhibit "B", and for related purposes, all designed to vindicate New Media's free press rights under the Constitution of the United States and Mississippi Constitution of 1890, and free access rights under the Mississippi Public Records Act of 1983.

Alternatively, Jackson New Media moves this Court for an order granting it leave to intervene by permission in this action, for the same purposes and with the same design.

This the 23rd day of April, 2009.

Respectfully submitted,

JACKSON NEW MEDIA, INC.


BY:___/R. ANDREW TAGGART, JR.
       R. ANDREW TAGGART, JR.
       ITS ATTORNEY
       MSB #7422



**OF COUNSEL**

**R. Andrew Taggart, Jr.**
**Andy Taggart, Legal and Strategic Counsel, PLLC**
**100 Webster Circle, Suite 1A**
**Madison, MS  39110**
**Telephone:  (601) 853-3760**
**Facsimile:  (601) 853-3765**

<u>CERITIFICATE OF SERVICE</u>

       I, R. Andrew Taggart, Jr., counsel for Jackson New Media, Inc., certify that I have served a true and correct copy of this Motion of Jackson New Media, Inc. to Intervene upon all parties via e-mail to their counsel, as follows:

       Plaintiff:

Amanda B. Barbour
Butler, Snow, O'Mara, Stevens, and Cannada, PLLC
Post Office Box 22567
Jackson, MS  39225-2567
e-mail:  <u>Amanda.barbour@butlersnow.com</u>

Robert C. Galloway
Butler, Snow, O'Mara, Stevens, and Cannada, PLLC
Post Office Drawer 4248
Gulfport, MS  39502
e-mail:  <u>bob.galloway@butlersnow.com</u>

Jeffrey A. Walker
Butler, Snow, O'Mara, Stevens, and Cannada, PLLC
Post Office Box 22567
Jackson, MS  39225-2567
e-mail:  <u>Jeff.walker@butlersnow.com</u>

Emerson Barney Robinson, III
Butler, Snow, O'Mara, Stevens, and Cannada, PLLC
Post Office Box 22567
Jackson, MS  39225-2567
e-mail:  <u>Barney.robinson@butlersnow.com</u>

J. Kennedy Turner, III
Butler, Snow, O'Mara, Stevens, and Cannada, PLLC
Post Office Box 22567
Jackson, MS  39225-2567
e-mail:  <u>ken.turner@butlersnow.com</u>

Benjamin McRae Watson
Butler, Snow, O'Mara, Stevens, and Cannada, PLLC
Post Office Box 22567
Jackson, MS  39225-2567
e-mail:  Ben.watson@butlersnow.com

James R. Robie
Robie & Matthai, PC
Biltmore Tower, 500 South Grand Avenue, Suite 1500
Los Angeles, California  90071
e-mail:  jrobie@romalaw.com

  Defendant:

Danny E. Cupit
Law Offices of Danny E. Cupit
Post Office Box 22929
Jackson, MS  39225
e-mail:  decupit@aol.com

J. Lawson Hester
Page, Kruger & Holland, P. A.
Post Office Box 1163
Jackson, MS  39215-1163
e-mail:  lhester@pagekruger.com

William H. Liston
Liston/Lancaster
Post Office Box 645
Winona, MS  38967-0645
e-mail:  bliston@listonlancaster.com

Crymes G. Pittman
Pittman, Germany, Roberts & Welsh
Post Office Box 22985
Jackson, MS  39225-2985
e-mail:  cgp@pgrwlaw.com

Harold Edward Pizzetta, III
Office of the Attorney General
Post Office Box 220
Jackson, MS  39205-0220
e-mail:  hpizz@ago.state.ms.us

Michael Jeffrey Wolf
Page, Kruger & Holland, P. A.
Post Office Box 1163
Jackson, MS  39215-1163
e-mail:  mwolf@pagekruger.com

Mary Jo Woods
Office of the Attorney General
Post Office Box 220
Jackson, MS  39205
e-mail: mjwoods@cupitlawfirm.com

Mary E. McAlister
Wyatt & McAlister, PLLC
Post Office Box 3181
Ridgeland, MS  38967-0645
e-mail:  mcalister@wyattmcalister.com

This the 23d day of April, 2009.

    /R. Andrew Taggart, Jr.    
      R. Andrew Taggart, Jr.